Dean S. Cooper, Esq.
Associate General Counsel
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive, M/S 202
McLean, VA 22102
(703) 903-2472 (Office Phone)
(703) 903-3691 (Fax Phone)

Attorney for Defendant Federal Home
    Loan Mortgage Corporation

FILED

JAN 1 3 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADOLPHUS EDWARDS,** | CASE NUMBER 1:04CV00049 |
| Plaintiff, | JUDGE: Henry H. Kennedy |
| vs. | DECK TYPE: General Civil |
| **ARCADIA REALITY, INC., et. al.** | DATE STAMP: 01/13/2004 |
| Defendants | |

## MOTION TO DISMISS

NOW COMES Federal Home Loan Mortgage Corporation ("Freddie Mac"), through counsel, and moves the Court to dismiss the Amended Complaint filed in this action for failure to state claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). A memorandum containing a statement of facts and the points and authorities relied upon by Freddie Mac accompanies this motion.

l:\crts\kidner\edwards,adolphus\motion to dismiss.doc

Respectfully submitted, this 13th day of January 2004.

          FEDERAL HOME LOAN MORTGAGE
          CORPORATION

          */s/ Dean S. Cooper*
          Dean S. Cooper, Esq.
          DC Bar #924894
          Associate General Counsel
          Federal Home Loan Mortgage
          Corporation
          8200 Jones Branch Drive, M/S 202
          McLean, VA 22102
          (703) 903-2472 (Office Phone)
          (703) 903-3691 (Fax)

          */s/ Graham H. Kidner*
          Graham H. Kidner
          Assistant General Counsel
          Federal Home Loan Mortgage
          Corporation
          8200 Jones Branch Drive, M/S 202
          McLean, VA 22102
          (703) 903-2492 (Office Phone)
          (703) 903-3691 (Fax)

l:\crts\kidner\edwards,adolphus\motion to dismiss.doc

Dean S. Cooper, Associate General Counsel
Graham H. Kidner, Assistant General Counsel
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive, M/S 202
McLean, VA 22102
(703) 903-2472 (Office Phone)
(703) 903-3691 (Fax Phone)

Attorneys for Defendant Federal Home
    Loan Mortgage Corporation

FILED

JAN 13 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADOLPHUS EDWARDS,** ) | |
| ) | |
| Plaintiff, ) | **04 0049** |
| ) | |
| v. ) | CASE NO._____ |
| ) | |
| **ARCADIA REALITY, INC., et al,** ) | |
| ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM IN SUPPORT OF FREDDIE MAC'S MOTION TO DISMISS

### INTRODUCTION

1.  Factual Background

According to the Amended Complaint, Plaintiff was operating a laundromat business as a tenant in a building located at 635 Constitution Avenue, N.E., Washington D.C (the "Property"). HomeSteps acquired the Property following a foreclosure. Plaintiff employed either Arcadia Realty, Inc. or Century 21-Dodson Realty, Inc., to negotiate the purchase of the Property. There

was at least one competing prospective purchaser for the Property, and pursuant to a multiple offer procedure, Plaintiff was required to submit his offer by 7 February 2000. Plaintiff's agent failed to timely submit the offer, and the Property was sold to another for less than the amount Plaintiff had been willing to pay. Plaintiff was then forced to vacate the Property following a landlord/tenant suit filed by the new owner.

2.  Procedural Background

Plaintiff filed this action in the Superior Court of the District of Columbia on 18 June 2002, naming as defendants Arcadia Reality *(sic)*, Inc. and Century 21- Dodson Realty, Inc. By order dated 6 August 2003 (docketed 7 August), the Superior Court granted Dodson Realty, Inc.'s motion for summary judgment. By order dated 27 October 2003 (docketed 28 October), the Superior Court vacated its order for summary judgment in favor of Dodson Realty, Inc. and also granted Plaintiff's motion "to Add Charles Nucciarone, Advanta Mortgage, and HomeStep Division of Freddie Mac Foundation as Defendants...." By order dated 18 November 2003 (docketed 19 November), the Superior Court vacated its order of 27 October 2003. However, by order dated 15 December 2003 (docketed 17 December), the Superior Court granted Plaintiff's motion to "Reinstate Charles Nucciarone, Advanta Mortgage, and Freddie Mac Foundation (HomeSteps Division)" as defendants.

Plaintiff's Amended Complaint, which was served upon Freddie Mac by certified mail postmarked 6 January 2004, names as a defendant "Freddie Mac Foundation – HomeSteps Division." The Amended Complaint is appended hereto as Exhibit A. Freddie Mac removed this action from the Superior Court to this Court contemporaneously with the filing of this motion.

For purposes of this motion, Freddie Mac requests that the Court assume that the Amended Complaint names as defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), which is a United States corporation chartered by Congress pursuant to the Federal Home Loan Mortgage Corporation Act, codified in 12 U.S.C. § 1451, *et seq*. Freddie Mac uses the trade name "HomeSteps" for its division that disposes of real property acquired through foreclosure sales.

## STATEMENT OF FACTS

Taking the factual allegations in the complaint as true, for purposes of this motion, Plaintiff alleges the following material facts:

- Plaintiff is a former commercial tenant of the subject property (Amended Complaint, ¶¶2 & 4)

- HomeSteps acquired the property following a foreclosure (Amended Complaint, ¶5)

- HomeSteps offered Plaintiff the opportunity to purchase the property (Amended Complaint, ¶5)

- Plaintiff employed either Arcadia Realty, Inc. or Dodson Realty, Inc. as an agent to negotiate the purchase (Amended Complaint, ¶6)

- Pursuant to a multiple offer procedure, Plaintiff knew that the deadline for submitting his offer was 7 February 2000 (Amended Complaint, ¶6)

- The defendant employed by Plaintiff failed to timely submit Plaintiff's offer to purchase the property (Amended Complaint, ¶6)

- As a consequence of the failure of the defendant employed by Plaintiff to timely submit Plaintiff's offer, the property was sold to another person at a price below what Plaintiff was willing to pay (Amended Complaint, ¶6)

- Plaintiff was obliged to vacate the premises when the new property owner filed an eviction action against him (Amended Complaint, ¶7)

- Defendant Dodson Realty also failed to return Plaintiff's earnest money deposit (Amended Complaint, ¶7).

ARGUMENT

1. <u>The Amended Complaint should be dismissed as to Freddie Mac because no cause of action is stated against Freddie Mac</u>.

This motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), for failure of the Amended Complaint to state a claim against Freddie Mac for which relief can be granted. The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 2 L. Ed. 80, 78 S. Ct. 99 (1957). "In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in a light most favorable to the plaintiff." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 40 L. Ed.2d 90, 94 S. Ct. 1683 (1974)."

Freddie Mac respectfully contends that Plaintiff has pleaded himself out of court because the allegations of his Amended Complaint demonstrate unequivocally that no cause of action is pleaded against Freddie Mac. The Amended Complaint alleges only that Plaintiff's agent, employed to negotiate the purchase of the Property, was negligent. However, the Amended

Complaint neither accuses Freddie Mac of negligence, nor contains any averment of facts that could remotely be construed as alleging that Freddie Mac was negligent.

When Plaintiff filed his Amended Complaint he added Freddie Mac to the case caption, but made no changes to the body of the Amended Complaint to actually plead any cause of action against Freddie Mac. With the exception of the caption, and a few typographical errors, the Amended Complaint is word-for-word an exact duplicate of the original complaint. The Amended Complaint appears to allege a cause of action for negligence against either Arcadia Realty, Inc. or Century 21 – Dodson Realty, Inc. No other cause of action is alleged.

Although Freddie Mac's "HomeSteps" trade name is referenced in the body of the Amended Complaint as the owner of the Property, Plaintiff does not allege what HomeSteps did, or failed to do, that gives rise to a cause of action against HomeSteps. Not even the most liberal rules of notice pleading can save this Amended Complaint, because Plaintiff has failed to plead a claim against Freddie Mac.

Plaintiff's Amended Complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Car Carriers v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054, 84 L.Ed. 2d 821, 105 S.Ct. 1758 (1985) (quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981), cert. dismissed, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983)). The assertion of mere legal conclusions in the complaint is insufficient. Randolph County Federal Savings & Loan Assn. v. Sutliffe, 775 F.Supp. 1113, 1115-16 (S.D. Ohio 1991) (citations omitted). The complaint must give fair notice of the claim asserted. Modderno v. King, 82 F.3d 1059, 1063 (D.C. Cir. 1996) (affirming dismissal). Mere inferences or conclusory allegations that are not supported by well-pleaded facts are insufficient. Western Associates

Limited Partnership v. Market Square Associates, 235 F.3d 629, 633-36 (D.C. Cir. 2001) (citing Kowal v. MCI Comm. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); Bradley v. NASDAC Dispute Resolution, Inc., 245 F.Supp.2d 17, 20 (D.D.C. 2003) (dismissing complaint); Hopkins v. Womens Div., General Bd. Of Global Ministries, 238 F.Supp.2d 174, 178 (D.D.C. 2002) (dismissing complaint); Franklin Asaph Ltd. Partnership v FDIC, 794 F.Supp. 402, 404 (D.D.C. 1992). Plaintiff is not entitled to the presumption that he can prove facts that are not alleged in the complaint. DeJoy v. Comcast Cable Communications, Inc., 941 F.Supp. 468, 472-73 (D.N.J. 1996) (citing Associated General Contractors v. California State Council of Carpenters, 459 U.S. 519, 526, 74 L.Ed.2d 723, 103 S.Ct. 897 (1983)). Thus, if Plaintiff fails to allege facts that are essential to the claim the court may properly assume that such facts do not exist. Ledesma v. Dillard Dept. Stores, Inc., 818 F.Supp. 983, 984 (N.D. Tex. 1993); Sutliffe, 775 F.Supp. at 115.

    2.    <u>If a cause of action for negligence is alleged against Freddie Mac, then it should be dismissed because it is time-barred.</u>

        (a) *If Plaintiff asserts a cause of action for negligence, it accrued more than 3 years before he filed his Amended Complaint.*

Even assuming, *arguendo*, that the Amended Complaint did allege that Freddie Mac was negligent, the action would be barred by the applicable statute of limitations.

Of course if he pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court. *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992); *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992).

. . . .

> A complaint that on its face reveals that the plaintiff's claim is barred by a statute of limitations or repose can be dismissed on a motion to dismiss, in accordance with the principle noted above that a plaintiff can plead himself out of court.
>
> Tregenza v. Great American Communications Co., 12 F.3d 717, 719, cert. denied 511 U.S. 1085, 114 S.Ct. 1837, 128 L.Ed.2d 465 (1993). See also, Taylor v. Houston, 211 F.2d 427 (D.C. Cir.1954).

Although not explicit, it is strongly implied in the Amended Complaint that Plaintiff was competing to purchase the property with at least one other person. According to a multiple offer procedure that was in effect, Plaintiff knew that his offer had to be submitted by 7 February 2000: "[t]he multiple office (sic) procedure form required offered (sic) be smutted (sic) by February 07, 2000. Plaintiff had already acquired financing for the same and provided proof of the same. The defendant failed to submit the offer." Amended Complaint, ¶ 6. If Plaintiff had a claim for negligence against Freddie Mac, he should have filed suit on or before 7 February 2003. D.C. Code § 12-301(8).

"Where the fact of an injury can be readily determined, a claim accrues for purposes of the statute of limitations at the time the injury actually occurs. *Burns v. Bell*, 409 A.2d 614, 615 (D.C. 1979); *Shehyn v. District of Columbia*, 392 A.2d 1008, 1013 (D.C. 1978)." Arrington v. District of Columbia, 673 A.2d 674, 678 (D.C. 1996). Thus, Plaintiff's cause of action for negligence accrued on 7 February 2000 when his agent allegedly failed to present the offer that Plaintiff knew had to be presented by that date.

It was not until 27 October 2003, at the earliest, that the Amended Complaint naming Freddie Mac as a defendant was filed – over three-and-a-half years after the cause of action

accrued. It was almost four years later that the Amended Complaint was served upon Freddie Mac. It is clear that the Amended Complaint was filed out of time.

    (b) *The Amended Complaint does not relate back to the filing of the original complaint.*

The Amended Complaint naming Freddie Mac is not rendered timely by virtue of the doctrine of relation-back. Fed. R. Civ. P. 15(c) provides, in relevant part:

An amendment of a pleading relates back to the date of the original pleading when

(1)    relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2)    the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3)    the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided in Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Because the Amended Complaint changes the parties, by adding Freddie Mac as a new defendant, Plaintiff must satisfy the requirements of Rule 15(c)(3). Plaintiff fails, however, to meet the condition required in subsection (3)(B) of Rule 15 because Plaintiff knew of HomeSteps' identity at the time of the original filing, as demonstrated by the allegations in the original complaint.

Recent federal and District of Columbia cases are instructive. In Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), relation back was not permitted where plaintiff named defendant as "Fortune" rather than that magazine's publisher, Time, Inc., even

though it was readily apparent to plaintiff at the time of filing the original complaint that Time, Inc. was the proper corporate defendant.

> "An amendment changing the party against whom a claim is asserted relates back if the amendment satisfies the usual condition of Rule 15(c) of "arising out of the conduct . . . set forth . . . in the original pleading," and if, *within the applicable limitations period,* the party brought in by amendment, first, received such notice of the institution of the action -- the notice need not be formal -- that he would not be prejudiced in defending the action, and, second, knew or should have known that the action would have been brought against him initially **had there not been a mistake concerning the identity of the proper party**" (emphasis supplied). Advisory Committee's Notes on Fed. Rule Civ. Proc. 15, 28 U.S.C. App., p.551; 39 F.R.D. 83.

Schiavone, 477 U.S. at 31 (emphasis added in bold.)

Following the rationale laid down in Schiavone, the United States Court of Appeals for the District of Columbia Circuit held that Rule 15(c) cannot be used to correct a mistake as to which *known* entities should be sued, rather the purpose of the rule is to permit a plaintiff to add an intended defendant or to correctly name a misidentified defendant. Rendall-Speranza v. Nassim, 107 F.3d 913 (D.C. Cir.1997).

> Nothing in the Rule or in the Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged. In fact, the Notes speak of a defendant that may properly be added under Rule 15(c) as an "intended defendant," and of an amendment pursuant to the Rule as "a name-correcting amendment."

Rendall-Speranza, at 918. See also Sparshott v. Feld Entertainment, Inc., 89 F.Supp.2d 1, 3, affirmed in part, reversed in part (on other grounds), remanded, 311 F.3d 425 (D.C. Cir.2002) ("in this Circuit, the word "mistake" is narrowly interpreted to preclude relation back of amendments where a plaintiff was fully aware of the defendant's identity during the limitations period.); and Arrington v. District of Columbia, 673 A.2d 674 (D.C. 1996) (no relation back where plaintiff originally sued D.C. General Hospital, then after expiry of limitations period

sought to amend complaint to add the District of Columbia government when plaintiff fully aware of existence of District of Columbia's involvement prior to filing of suit).

*(c) Dismissal with prejudice is appropriate because any further amendment will likewise be time-barred.*

Plaintiff has had three opportunities to state a cause of action against one or more defendants. On each occasion he has asserted an identical claim, for negligence, although it is not clear that Plaintiff asserts that Freddie Mac was negligent. Both Amended Complaints filed with the Superior Court merely parroted the original Complaint, with Plaintiff making no effort to assert any new facts or claims against Freddie Mac. And on each occasion Plaintiff has fixed the date that his sole cause of action accrued. The Amended Complaint contains not a scintilla of evidence that might support any tolling argument, and does not even hint at any alternative causes of action. Moreover, any other cause of action that the averments might suggest, however remotely, would be similarly time-barred: a claim for the recovery of personal property or damages for its unlawful detention, a claim for injury to real or personal property, a claim on a simple contract, or a claim for which a limitation is not otherwise specially prescribed. Each such claim has a 3-year limitation. D.C. Code § 12-301(2), (3), (7) and (8), respectively.

## CONCLUSION

For the reasons stated above, Freddie Mac respectfully requests that the Court dismiss Freddie Mac from the Amended Complaint, with prejudice.

Respectfully submitted, this 13th day of January 2004.

FEDERAL HOME LOAN MORTGAGE CORPORATION

Dean S. Cooper, Esq.
DC Bar #924894
Associate General Counsel
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive, M/S 202
McLean, VA 22102
(703) 903-2472 (Office Phone)
(703) 903-3691 (Fax)

Graham H. Kidner
Assistant General Counsel
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive, M/S 202
McLean, VA 22102
(703) 903-2492 (Office Phone)
(703) 903-3691 (Fax)